## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Z PRODUCTIONS, INC., a Florida
Corporation, d/b/a GLOBAL
INTERNET CORPORATION,
a/k/a THECAMGUYS.COM                    Case No. 8:10-cv-066-SDM-MAP

      Plaintiff,

v.

SNR PRODUCTIONS, INC.,
a New York corporation, and
STEPHEN N. RANIERI, an individual

      Defendants.

_____/

### SNR PRODUCTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND COUNTERCLAIMS

Defendant SNR Productions, Inc. ("SNR Productions") responds to plaintiff Z Corporation, Inc.'s Complaint as follows:

### Nature of the Action

1.     SNR Productions admits that the plaintiff has filed a Complaint against the defendants, but denies that the plaintiff is entitled to any relief requested in the Complaint.

### The Parties

2.     SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and therefore denied.

3.      SNR Productions admits that SNR Productions is a New York corporation that operates websites with the domain names of "camguys.net," "camguys.tv," and "camguys.info." SNR Productions denies the remainder of the allegations in Paragraph 3.

4.      SNR Productions admits that (i) Ranieri is an individual whose residence is located in Clark County in the State of Nevada (Ranieri is not a resident of Onondaga County, New York, as alleged in the Complaint); (ii) Ranieri is the president of SNR Productions; and (iii) in 2002, Z Productions approached Ranieri while he attended Clemson University as a student in Clemson, South Carolina and asked if he was interested in modeling.  Ranieri participated in a photo shoot and he provided Z Productions with certain marketing and internet-based services upon Z Productions's request – all of which occurred outside the State of Florida.  SNR Productions denies the remainder of the allegations in Paragraph 4.

### Jurisdiction and Venue

5.      SNR Productions admits that plaintiff asserts statutory and common law claims, but denies that the plaintiff is entitled to any relief requested in the Complaint.

6.      SNR Productions admits the allegations set forth in Paragraph 6.

7.      SNR Productions admits the allegations set forth in Paragraph 7.

8.      SNR Productions admits that it is subject to the personal jurisdiction of the Court and that venue of the claims against it is proper in this Court.  SNR Productions denies the remainder of the allegations in Paragraph 8.

### General Allegations

9.      SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and therefore denies the allegations.

10.    SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and denies the allegations.

11.    SNR Productions is without knowledge or information sufficient to form a belief as to the truth of when Z Productions developed a website, and therefore denies that allegation. SNR Productions denies the remainder of the allegations in Paragraph 11.

12.    SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and denies the allegations.

13.    SNR Productions denies the allegations set forth in Paragraph 13.

14.    SNR Productions denies the allegations set forth in Paragraph 14.

15.    SNR Productions denies the allegations set forth in Paragraph 15.

16.    SNR Productions denies the allegations set forth in Paragraph 16.

17.    SNR Productions denies the allegations set forth in Paragraph 17.

18.    SNR Productions admits the allegations set forth in Paragraph 18.

19.    SNR Productions denies the allegations set forth in Paragraph 19.

20.    SNR Productions denies the allegations set forth in Paragraph 20.

21.    SNR Productions denies the allegations set forth in Paragraph 21.

22.    SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and therefore denies the allegations.

23.    SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and therefore denies the allegations.

24.    SNR Productions admits that the plaintiff, through its counsel, sent a letter to SNR Productions.  SNR Productions denies the remainder of the allegations in Paragraph 24.

25.     SNR Productions denies the allegations set forth in Paragraph 25.

26.     SNR Productions denies the allegations set forth in Paragraph 26.

27.     SNR Productions denies the allegations set forth in Paragraph 27.

28.     SNR Productions denies the allegations set forth in Paragraph 28.

29.     SNR Productions denies the allegations set forth in Paragraph 29.

30.     SNR Productions denies the allegations set forth in Paragraph 30.

31.     SNR Productions denies the allegations set forth in Paragraph 31.

32.     SNR Productions admits the allegations set forth in Paragraph 32.

33.     SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any agreement for legal services between Bortner & Associates, P.A. and Z Productions, and therefore denies those allegations.  SNR Productions denies the remainder of the allegations set forth in Paragraph 33.

## Count I – Federal Unfair Competition, False Designation of Origin and False Descriptions Under 15 U.S.C. § 1125(a)

34.     SNR Productions restates and incorporates by reference its responses to Paragraphs 1 through 33 as provided herein.

35.     SNR Productions denies the allegations set forth in Paragraph 35.

36.     SNR Productions denies the allegations set forth in Paragraph 36.

37.     SNR Productions denies the allegations set forth in Paragraph 37.

38.     SNR Productions denies the allegations set forth in Paragraph 38.

WHEREFORE, SNR Productions demands that the Court enter judgment in its favor and award SNR Productions any relief the Court deems proper, including attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**Count II– Dilution Under Florida Statutes § 495.151**

39.     SNR Productions restates and incorporates by reference its responses to Paragraphs 1 through 33 as provided herein.

40.     SNR Productions denies the allegations set forth in Paragraph 40.

41.     SNR Productions denies the allegations set forth in Paragraph 41.

42.     SNR Productions denies the allegations set forth in Paragraph 42.

43.     SNR Productions denies the allegations set forth in Paragraph 43.

        WHEREFORE, SNR Productions demands that the Court enter judgment in its favor and award SNR Productions any relief the Court deems proper, including attorneys' fees pursuant to Section 495.141, Florida Statutes.

**Count III– Unfair Competition Under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201 *et seq.***

44.     SNR Productions restates and incorporates by reference its responses to Paragraphs 1 through 33 as provided herein.

45.     SNR Productions denies the allegations set forth in Paragraph 45.

46.     SNR Productions denies the allegations set forth in Paragraph 46.

47.     SNR Productions denies the allegations set forth in Paragraph 47.

48.     SNR Productions denies the allegations set forth in Paragraph 48.

49.     SNR Productions denies the allegations set forth in Paragraph 49.

        WHEREFORE, SNR Productions demands that the Court enter judgment in its favor and award SNR Productions any relief the Court deems proper, including attorneys' fees pursuant to Section 501.2015, Florida Statutes.

## Count IV– Unfair Competition Under the Florida Common Law

50.     SNR Productions restates and incorporates by reference its responses to Paragraphs 1 through 33 as provided herein.

51.     SNR Productions denies the allegations set forth in Paragraph 51.

52.     SNR Productions denies the allegations set forth in Paragraph 52.

53.     SNR Productions denies the allegations set forth in Paragraph 53.

54.     SNR Productions denies the allegations set forth in Paragraph 54.

WHEREFORE, SNR Productions demands that the Court enter judgment in its favor and award SNR Productions any relief the Court deems proper.

## Count VI [sic] – Cybersquatting Under the Lanham Act, 15 U.S.C. § 1125(d)

55.     SNR Productions restates and incorporates by reference its responses to Paragraphs 1 through 33 as provided herein.

56.     SNR Productions denies the allegations set forth in Paragraph 56.

57.     SNR Productions denies the allegations set forth in Paragraph 57.

58.     SNR Productions denies the allegations set forth in Paragraph 58.

59.     SNR Productions is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59, and therefore denies the allegations.

60.     SNR Productions denies the allegations set forth in Paragraph 60.

61.     SNR Productions denies the allegations set forth in Paragraph 61.

62.     SNR Productions denies the allegations set forth in Paragraph 62.

63.     SNR Productions denies the allegations set forth in Paragraph 63.

WHEREFORE, SNR Productions demands that the Court enter judgment in its favor and award SNR Productions any relief the Court deems proper, including attorneys' fees pursuant to pursuant to 15 U.S.C. § 1117(a).

## GENERAL DENIAL

SNR Productions denies all allegations not expressly admitted above. SNR Productions denies that the plaintiff is entitled to any of the relief it requests, or any relief at all, for the allegations set forth in the Complaint.

## AFFIRMATIVE DEFENSES

SNR Productions asserts the following affirmative defenses to the causes of action asserted in the Complaint:

### First Defense

The plaintiff is not entitled to any relief on account of SNR Productions's prior use of the terms "cam guys" and "cam guy."

### Second Defense

The plaintiff has failed to state a cause of action upon which relief may be granted.

### Third Defense

The plaintiff's claims are barred by the doctrine of laches.

### Fourth Defense

The plaintiff's claims are barred by the doctrine of estoppel.

### Fifth Defense

The plaintiff is not entitled to any relief because the plaintiff's mark is invalid for failure to comply with 15 U.S.C. § 1051(a).

### Sixth Defense

The plaintiff knowingly and willfully made false statements to the United States Patent and Trademark Office when it stated that is was not aware of any other entity's prior use of the "Cam Guys" mark when it filed its trademark application with the United States Patent and Trademark Office.

### Seventh Defense

There can be no claim for trademark infringement or deceptive and unfair trade practices for use of the phrases "cam guy" or "cam guys" because these phrases are merely descriptive designations that are widely used in the internet entertainment industry.

### VERIFIED COUNTERCLAIMS

SNR Productions, Inc. hereby sues Z Productions, Inc. and alleges as follows:

### The Parties

1.    Counter-plaintiff SNR Productions, Inc. ("SNR Productions") is a New York corporation, with its principal place of business in Monroe County, New York.

2.    Counter-defendant Z Productions, Inc. ("Z Productions") is a Florida corporation, with its principal place of business in Pinellas County, Florida.

### Jurisdiction and Venue

3.    This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental subject matter jurisdiction over the claims arising under Florida law pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Z Productions, Inc. because it is a Florida corporation with its principal place of business in Pinellas County, Florida, and because Z Productions, Inc. submitted itself to this Court's jurisdiction by filing the Complaint in this case.

5.     Venue is proper in this District under 28 U.S.C. § 1391(c).

### General Allegations

6.     In 2002, SNR Productions registered and began operating a website named guyswithcams.com.

7.     At least as early as November 2002, SNR Productions began using the phrase "cam guy" and "cam guys" in connection with its internet entertainment services.

8.     SNR Productions, through its website guyswithcams.com, offered consumers the ability to chat online with its independent contractors while the consumer viewed the independent contractors via a webcam.

9.     The phrase "cam guy" is a descriptive term widely used in the internet entertainment industry used to describe persons, typically male, that chat online while using a webcam.

10.     "Guyswithcams.com" expressly states on its home page that it is not a pornographic website and that the chat sessions it offers do not include sexual discussions.

11.     Upon information and belief, Z Productions, through its owners, employees, and agents, had actual knowledge of SNR Productions's website "guyswithcams.com" and the content thereof prior to November, 2005.

12.     Z Productions, through its owners, employees, and agents, had actual knowledge of SNR Productions's use of the phrase "cam guy" prior to November, 2005.

13.     In November, 2005, Z Productions registered the website named "thecamguys.com."

14.     Copying the services first offered by SNR Productions, Z Productions's website offers to the consuming public the ability to chat with its "models" online while viewing the "models" via a webcam.

15.     On or about June 11, 2009, Z Productions filed its application for the registration of "the cam guys" mark with the United States Patent and Trademark Office ("USPTO").

16.     Upon information and belief, Z Productions filed its application with the USPTO with knowledge of SNR Productions's prior use of the phrases "cam guy" and "cam guys" in connection with its website "guyswithcams.com."

17.     Z Productions failed to disclose on its application to the USPTO SNR Productions's prior use of the phrases "cam guy" and "cam guys."

18.     On or about January 12, 2010, Z Productions received a registration for the service mark "The Cam Guys" from the USPTO.

### Count I – SNR Productions's Petition for Cancellation of Plaintiff's Registered Service Mark

19.     SNR Productions realleges and incorporates by reference the general allegations in Paragraphs 1 through 18 of this Counterclaim.

20.     In this verified petition, SNR Productions seeks to cancel the service mark "The Cam Guys" registered to Z Productions via registration number 3736771.

21.     Z Productions's service mark registration provides that "The Cam Guys" mark relates to entertainment services, namely, providing webcasts in the field of male models for viewing purposes.

22.     SNR Productions's use of the phrases "cam guy" and "cam guys" similarly relates to entertainment services, namely, providing webcasts in the field of male models for viewing purposes.

23.     SNR Productions's use of the phrases "cam guy"  and "cam guys" predates the first use of such phrase by the registrant.

24.     SNR Productions's use of the phrases "cam guy" and "cam guys" became well known in the entertainment market prior to Z Productions's use or registration of the same phrase.

25.     Because both SNR Productions and Z Productions operate websites on the internet and have not limited their channels of trade, there is a complete overlap in the channels of trade for which SNR Productions and Z Productions use the phrase "cam guys."

26.     SNR Productions has expended great effort and expense in promoting its services.

27.     As a result of its advertising and sales, SNR Produictions has valuable goodwill established in the phrases "cam guy" and "cam guys" and in its websites "guyswithcams.com," "camguys.net," "camguys.info," and "camguys.tv."

28.     Z Productions's registration must be cancelled because the phrase "the cam guys" is merely a descriptive or generic term that is widely used in the internet entertainment industry.

29.     Z Productions's registration must be cancelled because SNR Productions has prior use of the mark.

30.     Z Productions's registration must be cancelled because Z Productions fraudulently failed to disclose SNR Productions's prior use of the mark on Z Productions's trademark registration application.

31.     Z Productions registration must be cancelled because it has failed to protect, or has abandoned, its mark, as evidenced by the wide use of the phrase "cam guys," or slight alterations thereof, on the internet by third parties.  Examples of others' use of the phrase include:   camguys.org,   hotcamguys.com,   sexcamguys.com,   webcamguys.com, livecamguys.com,   hotcamguyz.com,   camguyz.com,   camguy.net,   hotcamguy.com, camguys.nl, and camguys.thumblogger.com.

WHEREFORE, SNR Productions petitions this Court to cancel Z Productions's registration of the mark "The Cam Guys" bearing registration number 3736771, and any other relief the Court deems appropriate.

## Count II – Declaratory Relief

32.     SNR Productions realleges and incorporates by reference the general allegations in Paragraphs 1 through 18 of this Counterclaim.

33.     In this Count, SNR Productions seeks a declaration by the Court that SNR Productions has a right to use the phrases "cam guy" and "cam guys" without violating any rights in the mark possessed by Z Productions.

34.     This action is necessary to settle a bona fide dispute between SNR Productions and Z Productions as to the right to use the phrases "cam guy" and "cam guys."

35.     SNR Productions began using the phrases "cam guy" and "cam guys" on its websites at least as early as November 2002.

36.     Z Productions did not begin using the phrases "cam guy" and "cam guys" on its websites until November 2005.

37.     As a result, SNR Productions's use of the phrases "cam guy" and "cam guys" predates Z Productions's use.

38.     SNR Productions and Z Productions use the phrases "cam guy" and "cam guys" in the same channels of trade.

39.     SNR Productions and Z Productions use the phrases "cam guy" and "cam guys" in connection with websites on the internet and there is no limited geographic scope of the use of the phrases by either party.

40.     SNR Productions is in doubt regarding the existence or nonexistence of its rights, status, power, or privilege with regard to the use of the phrases "cam guy" and "cam guys" because SNR Productions has a use of the mark that predates Z Productions's use and registration of the mark.

41.     SNR Productions is entitled to have any doubts resolved regarding its rights, status, powers, or privileges with regard to the use of the phrases "cam guy" and "cam guys."

42.     Granting declaratory relief would dispose of the controversy between the parties.

43.     The controversy between the parties is not hypothetical, abstract, or academic, but is definite and concrete, with sufficient immediacy as to justify relief.

44.     All conditions precedent to the filing of this action have occurred, been performed or have been waived.

        WHEREFORE, SNR Productions seeks a declaration that SNR Productions has a right to use the phrases "cam guy" and "cam guys" without violating any mark possessed by Z Productions, and any other relief the Court deems appropriate.

**Count III – Tortious Interference With SNR Productions's Advantageous Business Relationship With Rackspace Hosting, Inc.**

45.     SNR Productions re-alleges and incorporates by reference the general allegations in Paragraphs 1 through 18 of this Counterclaim.

46.     SNR Productions owns the registration for the domain name "camguys.net."

47.     SNR Productions had an advantageous business relationship with Rackspace Hosting, Inc. ("Rackspace"), whereby Rackspace served as SNR Productions's webhosting provider for the website identified by the domain name "camguys.net."

48.     Z Productions knew of SNR Productions's advantageous business relationship with Rackspace.

49.      In or around May 2010, Z Productions contacted Rackspace for the purpose of inducing Rackspace to stop serving as the webhosting provider for SNR Productions's website "camguys.net."

50.     Z Productions intentionally and unjustifiably interfered with SNR Productions's relationship with Rackspace.

51.     As a direct and proximate result of Z Productions's intentional and unjustifiable interference, Rackspace terminated its relationship with SNR Productions.

52.     Z Productions's interference caused SNR Productions to suffer damages.

        WHEREFORE, SNR Productions demands judgment against Z Productions for compensatory damages and punitive damages, and any other relief the Court deems appropriate.

**Count IV – Tortious Interference With SNR Productions's Advantageous Business
Relationship With Reality Check Network Corporation**

53.     SNR Productions re-alleges and incorporates by reference the general allegations in

Paragraphs 1 through 18 of this Counterclaim.

54.     SNR Productions owns the registration for the domain name "camguys.net."

55.     SNR Productions had an advantageous business relationship with Reality Check

Networking Corporation. ("Reality Check"), whereby Reality Check served as SNR

Productions's webhosting provider for the website identified by the domain name

"camguys.net."

56.     Z Productions knew of SNR Productions's advantageous business relationship with

Reality Check.

57.     In or around April 2010, Z Productions contacted Reality Check for the purpose of

inducing Reality Check to stop serving as the webhosting provider for SNR Productions's

website "camguys.net."

58.     Z Productions intentionally and unjustifiably interfered with SNR Productions's

relationship with Reality Check.

59.     As a direct and proximate result of Z Productions's intentional and unjustifiable

interference, Reality Check terminated its relationship with SNR Productions.

60.     Z Productions's interference caused SNR Productions to suffer damages.

        WHEREFORE, SNR Productions demands judgment against Z Productions for

compensatory damages and punitive damages, and any other relief the Court deems

appropriate.

## VERIFICATION

STATE OF NEVADA
COUNTY OF CLARK

    BEFORE ME, the undersigned authority, personally appeared, Stephen N. Ranieri, who was duly sworn and says that he holds the position of President of SNR Productions, Inc. ("SNR Productions") that he has read the foregoing Verified Petition and is familiar with its contents, which are true to the best of his information and belief. The sources of his information and grounds for his belief are his personal knowledge of the events stated. SNR Productions has authorized affiant to make the representations herein.



Stephen N. Ranieri, as President of
SNR Productions, Inc.

    SWORN to and SUBSCRIBED before me this _20th_ day of July, 2010, Stephen N. Ranieri, who is personally known to me or has produced _NVDL 16034018 5u_ as identification.



NOTARY PUBLIC, STATE OF NEVADA
Printed Name: _Claire Finn_
Commission No. _June 6, 20 09-10447-1_
My Commission Expires: _June 6, 2013_

(Seal)

Respectfully submitted,

   _/s/ Brandon Faulkner_
Stacy D. Blank
Trial Counsel
Florida Bar No. 772781
Brandon Faulkner
Trial Counsel
Florida Bar No. 58560
HOLLAND & KNIGHT LLP
P.O. Box 1288
Tampa, FL 33601-1288
Telephone: 813-227-8500
Facsimile: 813-229-0134
Counsel for Defendant / Counter-plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 20, 2010 I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Robert M. Bortner, Esq. – mbortner@sockol.com
David J. Sockol, Esq. – sockolpa@sockol.com

/s/ Brandon Faulkner

# 9625905_v1