UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Z PRODUCTIONS, INC., a Florida
corporation, d/b/a GLOBAL INTERNET
CORPORATION, a/k/a THE
CAMGUYS.COM,

       Plaintiff,

v.                                          Case No.: 8:10-CV-966-T-23MAP

SNR PRODUCTIONS, INC., a New York
corporation, and STEPHEN N. RANIERI,
an individual,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff, Z Productions, Inc., the developer of a website that allows users to view live webcasts and to engage in video communications and chats with models of their choice, alleges that the Defendants, SNR Productions, Inc. and Stephen Ranieri, formed and operate competing websites in an effort to intentionally confuse users, causing irreparable harm to Plaintiff. At this juncture, Ranieri, a nonresident individual defendant, moves to dismiss the claims against him pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction (doc. 10). After consideration, I agree and recommend that the motion be granted.

      *Burden of proof*

       The doctrine of personal jurisdiction limits a court's power to impose a binding and enforceable judgment. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957). To invoke a court's *in personum* jurisdiction, a plaintiff must make a *prima facie* case by presenting enough evidence that jurisdiction exists to withstand a directed verdict. *Meier v. Sun Int'l Hotels, Ltd.*,

288 F.2d 1264 (11th Cir. 2002). Here, Plaintiff's action arises out of original federal question jurisdiction, namely unfair competition in violation of 15 U.S.C. § 1125(a) and cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1125(d).[1] Because these statutes are silent with respect to service of process, Federal Rule of Civil Procedure 4(e) requires that the Plaintiff must satisfy both Florida's long-arm statute, section 48.193, and constitutional notions of due process. The court must first consider whether there is a basis for personal jurisdiction under the state statute. If there is is a basis for personal jurisdiction under the state statute, the court moves on to consider whether the defendant has sufficient minimum contacts with the forum state to satisfy the due process clause's requirement that maintenance of the lawsuit not offend "traditional notions of fair play and substantial justice." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996).

    The plaintiff initially bears the burden of alleging sufficient material facts to form a basis for asserting personal judgment over a nonresident defendant. The burden then shifts to the defendant to contradict plaintiff's *prima facie* evidence of jurisdiction. A defendant may submit affidavits, documents, or testimony to challenge personal jurisdiction. The burden shifts back to the plaintiff to prove jurisdiction by affidavits, testimony, or documents. *Id.* at 627. If the defendant sufficiently challenges the plaintiff's jurisdictional allegations, the plaintiff must affirmatively support his jurisdictional allegations and may not merely rely on factual allegations set forth in the complaint. *Pyramid Employer Services v. Coile,* 2006 WL 1208009, *6 (M.D. Fla. 2006) citing *Hollingsworth v. Iwerks Entertainment, Inc.*, 947 F.Supp. 473, 476 (M.D. Fla.

---

[1] The Plaintiff also asserts three pendant state law claims, namely dilution under Florida Statutes § 495.151, unfair competition under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §501.201, et seq., and unfair competition under Florida common law.

1996).  The court is constrained to accept uncontroverted allegations in the complaint as true and to resolve factual disputes in the plaintiff's favor such that any factual conflict is construed in the light most favorable to the plaintiff.  A district court has discretion to decide a personal jurisdiction issue without an evidentiary hearing.  *Meier, supra,* 288 F.2d at 1269.

*Factual backdrop*

The Complaint sets forth that Plaintiff developed its website, TheCamGuys.com, in 2005 and that TheCamGuys.com is well-known in the industry of online viewing of and chatting with male models (Complaint, ¶¶ 9-14).[2]  The Complaint alleges that Defendant Ranieri "intentionally created (or caused the creation of) and holds ownership of certain websites, Camguys.net, CamGuys.tv and CamGuys.info, which offer their products or services to Florida residents, and he is the Director of SNR Productions, and the registrant of the domain names at issue" (Complaint, ¶4).   More specifically, the Complaint alleges that "[o]n or about August 11, 2007, Ranieri formed, created, established, or assisted in causing the formation, creation or establishment, of competing websites known as CamGuys.net, CamGuys.tv and CamGuys.info" (Complaint, ¶17), and that Ranieri has been soliciting business, clients, advertisers and models for the competing websites (Complaint, ¶20).  The Complaint is comprised of five counts, all against both SNR Productions, Inc. and Ranieri: count one, for unfair and deceptive trade practices (in violation of 15 U.S.C. § 1125(a), count two, for dilution under Fla. Stat. § 495.151,

---

[2] Plaintiff alleges in the Complaint that it did not file an application for registration of TheCamGuys.com mark with the United States Patent and Trademark Office ("USPTO") until June 11, 2009, and that on or about January 12, 2010, the trade name "TheCamGuys" was registered to Plaintiff via registration number 3736711 (Complaint, ¶¶22-23).  Plaintiff alleges that it sent to Defendants cease and desist letters, but to date the Plaintiffs continue to use the allegedly confusingly similar internet websites (Complaint, ¶¶ 24-25).

count III, for unfair competition under Florida Deceptive and Unfair Trade Practices Act, count IV, for unfair competition under Florida common law, and count VI, for cybersquatting under the Lanham Act, 15 U.S.C. §1125(d).[3] It also alleges the "defendants" acted in concert to harm Plaintiff, but does not allege any acts linking Ranieri to Florida. Notably, it also fails to allege any wrongdoings specific to Ranieri individually.

Defendant Ranieri has filed a declaration disputing the material facts Plaintiff alleges in the Complaint. Although Ranieri admits to being President of SNR Productions, Inc., he declares that he does not own the websites at issue and that the domain names identifying those websites are not registered in his name (Ranieri Decl., ¶¶ 14, 22). Instead, Ranieri asserts that the websites themselves indicate that SNR Productions owns and operates the websites. Further, Ranieri states that a simple internet search shows that SNR Productions is the registrant for the domain names "camguys.net," "camguys.info," and camguys.tv." (Ranieri Decl., ¶¶ 17-19).

*Discussion*

The Complaint contains no allegations whatsoever supporting personal jurisdiction, stating vaguely that "this Court has personal jurisdiction over SNR Productions and Ranieri and venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c). At all times material to this action, SNR Productions and Ranieri engaged in business activities in Florida and this District" (Complaint, ¶8). The aforementioned statutory provisions pertain to venue only.

  1. *Florida's long arm statute*

While the Complaint is silent as to the basis for personal jurisdiction over Ranieri, in its memorandum of law in opposition to Ranieri's motion to dismiss, the Plaintiff seems to rely on

---

[3] The Complaint does not include a Count V.

the Florida long arm statute, §48.193(1)(b), for jurisdiction. Fla. Stat. §48.193(1) provides "any person, whether or not a citizen of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: . . . (b) commit[s] a tortious act within the state." It is well-settled under Florida law that physical presence in Florida is not required in order to commit a tortious act in Florida. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002). For instance, a tortious act may occur in Florida through the nonresident defendant's telephonic, electronic, or written communications into Florida, as long as the cause of action arises from the communications. *Id.* at 1260. Moreover, the Eleventh Circuit has held a court may exercise personal jurisdiction over a non-resident where the non-resident commits an intentional tort expressly aimed at a specific individual in the forum whose effects were suffered in the forum. *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008) ("We hold only that where the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into that state to obtain redress for the injury. The victim need not travel to the state where the website was created or the infringer resides to obtain relief.").

        *a. Ranieri personally*

Plaintiff alleges in the Complaint that Defendant Ranieri "intentionally created (or caused the creation of) and holds ownership of certain websites, Camguys.net, CamGuys.tv and CamGuys.info, which offer their products or services to Florida residents, and he is the Director

of SNR Productions, and the registrant of the domain names at issue" (Complaint, ¶4). Plaintiff further alleges that "[o]n or about August 11, 2007, Ranieri formed, created, established, or assisted in causing the formation, creation or establishment, of competing websites known as CamGuys.net, CamGuys.tv and CamGuys.info" (Complaint, ¶17) and that Ranieri has been soliciting business, clients, advertisers and models for the competing websites (Complaint, ¶20), that "Ranieri, via SNR Productions or via anotherperson or entity, is continuing to use the confusingly similar websites, CamGuys,net, CamGuys.tv, and CamGuys.info, on the internet" (Complaint, ¶ 25), and that "the Defendants' use of the names CamGuys,net, CamGuys.tv, and CamGuys.info and other related and similar terminology associated with Z Productions' webcasting services is clearly intentional and calculated to deceive consumers (Complaint, ¶ 28). Ranieri's declaration makes clear, however, that SNR Productions, Inc. owns all right, title, and interest in the websites and the domain names, that SNR Productions, Inc. created the websites and is the registrant of the websites under the particular domain names. *See* Declaration of Ranieri, doc. 10-1.

Plaintiff does not allege, however, that Ranieri performed any activity that would subject him to jurisdiction in Florida under the long arm statute. The Complaint does not allege that Ranieri personally, or through an agent, conducted business in Florida, or committed a tortious act in Florida. At best, the Complaint alleges that "the Defendants' use of the CamGuys.net, CamGuys.tv, and CamGuys.info and related names and services is likely to suggest a false sponsorship, license, or association with Z Productions' website, TheCamGuys.com, which will cause injury to Z Productions and the public" (Complaint ¶ 29); ... "Defendants' use the CamGuys.net, CamGuys.tv, and CamGuys.info or related "Cam" terminology in connection with

webcasting and modeling is inferior in quality to Z Productions' interactive webcasting services, such conduct and/or distribution to a customer will cause further injury to Z Productions and the public" (Complaint, ¶ 30); and "Defendants' activities have and will continue to cause irreparable harm to Z Productions and its well known and respected "Cam" based web services" (Complaint, ¶31).  Taking these allegation as true, Plaintiff has not show that Defendant *Ranieri* performed any tortious activity harming Plaintiff in *Florida*.

  Although the Complaint alleges that Ranieri holds ownership of the websites, Ranieri's sworn declaration refutes Plaintiff's assertions supporting personal jurisdiction.  Ranieri's unrebutted declaration shows that he now resides in Nevada and previously resided in New York; that he does not transact business in Florida, that he owns no property in Florida; that he has no mailing address in Florida; that he has no agents in Florida; that he holds no licenses granted in Florida; that he does not own, use, possess or hold a mortgage in Florida or other lien on any real property in Florida; that he has no bank accounts in Florida; that he has no contracts requiring performance in Florida; that he has not contracted to insure any person, property, or risk in Florida; and that he did not expect to be haled into court in Florida.  Moreover, Ranieri's declaration also states that SNR Productions, Inc. is the owner and registrant of the websites identified by the domain names camguys.net, camguys.info, and camguys.tv.  *See* Ranieri Declaration, doc. 10-1.

  When a defendant sufficiently challenges a plaintiff's *prima facie* assertion of personal jurisdiction via the long-arm statute, the plaintiff must present affirmative evidence supporting "the jurisdictional allegations in the complaint with affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe*

*Transport*, 795 F.2d 968, 972 (11th Cir. 1986) citing *Electro Engineering Products Co., Inc. v. Lewis*, 352 So. 2d 862 (Fla. 1977). *See also Sculptchair, supra,* 94 F.3d at 627. Plaintiff filed an affidavit of Christopher Wescott (doc. 21-1) in an attempt to refute the Defendant's evidence. I find, however, that Wescott's affidavit does not provide any competent evidence supporting the jurisdictional allegations in the Complaint. Westcott's affidavit does not establish that Ranieri committed a tortious act in Florida or address the allegations in the Complaint about "the Defendants' use of the CamGuys.net, CamGuys.tv, and CamGuys.info."[4] Accordingly, I find that Plaintiff has not raised any particular allegations against Ranieri establishing long arm jurisdiction in Florida. The Complaint alleges the "defendants" acted in concert to harm Plaintiff, and does not allege any acts linking Ranieri to Florida. Hence, I find the allegations insufficient to subject Ranieri to personal jurisdiction here.

### b. Ranieri as president of SNR Productions, Inc.

Plaintiff cannot establish personal jurisdiction over Ranieri based solely on his status as President of SNR Productions, Inc. *See McCarthy on Trademarks and Unfair Competition* §32.42, 4th ed. (2010) ("plaintiff in a trademark infringement case must establish that [the corporation's nonresident officers, directors, agents, or employees] have purposefully directed infringing activities towards plaintiff, a resident of the forum state"). While a corporation itself may be subject to jurisdiction when it transacts business through its agents operating in the forum state, unless those agents transact business on their own account in the state, as opposed to engaging in business as representatives of the corporation, they are not engaged in business so as

---

[4] Instead, Wescott's affidavit attempts to establish that Ranieri and SNR Productions lack separation. This theory is addressed below.

to be individually subject to the state's long-arm statute. *Sculptchair, supra*, at 628 citing *Excel Handbag Co. v. Edison Bros. Stores,* 428 So. 2d 348, 350 (Fla. 3d DCA 1983) (dismissing Edison, the president of the defendant corporation, for lack of personal jurisdiction). *See also Knights Armament Co. v. Optical Systems Technology, Inc.*, 2008 WL 2157108 (M.D.Fla. May 21, 2008) quoting *Chemtall v. City-Chem, Inc.*, 992 F.Supp. 1390, 1402 (S.D. Ga. 1998) ("In general the activities of an officer on behalf of a corporation do not confer jurisdiction over the officer individually"); *Goforit Entertainment LLC v. Digimedia.com LP*, 513 F.Supp. 2d 1325, 1333 (M.D. Fla. 2007) ("whether an individual may ultimately be liable in connection with corporate activity is a different issue than whether there are enough contacts to subject the individual to personal jurisdiction."); *D. W. Mercer, Inc. v. Valley Fresh Produce, Inc.*, 146 F.Supp. 2d 1274 (M.D. Fla. 2001) citing *Doe v. Thompson*, 620 So. 2d 1004 (Fla. 1993) (where plaintiff alleged Lanham Act violations court found lack of personal jurisdiction over president and owner of defendant corporation "because the acts of a corporate employee performed in a corporate capacity do not form a sufficient basis for jurisdiction over the corporate employee in his individual capacity"). The *Knight* court stated:

> While it is true that personal participation by a corporate officer in the wrongful activities of a corporation is sufficient to make the individual as well as the corporation substantially liable for a tort, here Plaintiff has not alleged that Maxin personally participated in the wrongs of the company. Instead, Plaintiff argues Maxin conducted business on behalf of OSTI in Florida and seeks more information on Maxin's ties to Florida. If the claim against the corporate agent rests on nothing more than he is an officer of the nonresident corporation and if any connection he had with the commission of the tort occurred without the forum state under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous to support jurisdiction over the agent personally under the long-arm statute of the forum state.

*Knight*, at *4 quoting *Delong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 853, 851-

52 (11th Cir. 1988); *see also* 16 *Moore's Federal Practice- Civil* § 108.42 (3d. ed. 2010).

### c. Ranieri as alter ego

Plaintiff asserts in his memorandum of law in opposition to Ranieri's motion to dismiss that "Ranieri is the alter ego of SNR Productions" and has consistently used SNR Productions and SNR Productions' websites as his personal marketing media. A leading treatise explained that:

> Even when federal courts recognize and apply the state-law fiduciary shield doctrine, they have frequently relied on various exceptions to the doctrine to find jurisdiction in a particular case. In applying these exceptions, the federal courts are also applying state law. The exceptions are not peculiar to federal court. For example, neither the state law fiduciary shield doctrine nor the mere fact of doing business in a corporate form will shield an individual when the corporation in question is, under the relevant state law, merely an "alter ego" of the individual. Jurisdiction over an individual may be possible based on this "alter ego" exception on a standard less stringent than that normally required for a court to "pierce the corporate veil." Similarly, some courts have held that neither the fiduciary shield doctrine nor doing business in a corporate form will protect an individual from the exercise of jurisdiction over him or her when liability is sought against the individual for tortious behavior in his or her corporate capacity.

*Moore's, supra,* § 108.42. The Supreme Court of Florida holds that:

> The corporate entity is an accepted, well used and highly regarded form of organization in the economic life of our state and nation. ... their purpose is generally to limit liability and serve as a business convenience. Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purposes which justifies piercing of the corporate veil.

*Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120 (Fla. 1984) quoting *State ex rel. Continental Distilling Sales Co. v. Vocelle*, 27 So. 728 (Fla. 1948). In Florida, the corporate veil may be pierced if the plaintiff can prove "both that the corporation is a 'mere instrumentality" or

10

alter ego of the defendant, and that the defendant engaged in 'improper conduct' in the formation or use of the corporation. *Merkin v. PCA Health Plans of Florida, Inc.*, 855 So. 2d 137 (Fla. 3d DCA 2003) citing *Bellairs v. Mohrmann*, 716 So. 2d 320, 323 (Fla. 2d DCA 1998).  In *Bellairs*, the Florida district court recognized that the usual burden-shifting procedure for determining long-arm jurisdiction (set forth above) is applicable to the alter ego theory.  *Bellairs* at 323.  Here, Plaintiff asserts in his memorandum of law that Ranieri used SNR Productions, Inc. as his alter ego, and Wescott's affidavit attempts to buttress these arguments.  Wescott's affidavit states that Ranieri's personal website, eightpack.com, has links to SNR Productions' website, www.SNRCash.com and www.SNR Productions.com.  At best, Wescott's affidavit sets forth that Ranieri's personal website eightpack.com (which is not discussed in the complaint in this action) contains links to SNR Productions' websites www.SNRProductions.com and www.SNRCash.com (neither of which are discussed in the complaint in this action) and that the lack of separation between Ranieri's personal website and SNR Productions, Inc. "shows that Ranieri is using SNR Productions website to market himself in Florida."  *See* Wescott affidavit, doc. 21-1.  The Complaint, however, alleges only that Ranieri formed, created, established, or assisted in causing the formation, creation or establishment, of competing websites known as CamGuys.net, CamGys.tv, and CamGuys.info (Complaint, ¶ 17).  The Complaint fails to allege that SNR Corporation, Inc. was a mere instrumentality of Ranieri.  Moreover, Ranieri has successfully refuted the Plaintiff's allegation that he holds ownership to the allegedly injurious websites.

*2. Due process*

The Internet does not authorize abandonment of traditional principles guiding the personal jurisdiction analysis. *See Goforit, supra,* 513 F.Supp. 2d 1329. Having concluded that Ranieri does not have sufficient minium contacts with Florida, it is unnecessary to decide whether the exercise of specific jurisdiction would offend traditional notions of fair play and substantial justice. In any event, in considering the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental social policies, I find that the factors weigh against exercising personal jurisdiction over Ranieri. *McGow v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1276 (11th Cir. 2002). Ranieri now resides in Clark County, Nevada and has also resided in New York and South Carolina, but has never resided in Florida. Despite modern technology, the burden of defending himself in Florida would not be insubstantial. There is no indication Florida would have a special interest in adjudicating this dispute, Plaintiff's interests would not be harmed as it could bring this action against Ranieri in his state of residence, and the fifth factor (the shared interest of the several States in furthering fundamental social policies) is seemingly neutral.

Ranieri admits to being president of SNR Productions, the registrant of the domain names camguys.net, camguys.info, and camguys.tv, that are allegedly unfairly competing with Plaintiff's own websites, but Plaintiff has not alleged that Ranieri, the individual, availed himself to the privilege of conducting business activities within the forum. At most, Plaintiff alleges that

Ranieri created websites that are directed at and accessible by Florida residents. Plaintiff argues in its memorandum of law and Wescott affidavit that Ranieri's personal website has links to the SNR Productions websites that infringe on Plaintiff's websites. However, the fact that Ranieri's website is linked to SNR Productions websites is too narrow a thread on which to find a meaningful "contact" for the purpose of due process. *Dynetech, supra*, 523 F.Supp. 2d at 1347 (finding "the fact that the website of a company that sells products in Florida can be reached via a link on Defendants' website is too narrow a thread on which to find a meaningful 'contact' for the purposes of due process"). As in *Dynetech*, Plaintiff has identified no other alleged "contacts" by Defendant Ranieri with Florida, nor has Plaintiff presented any evidence of any purposeful availment of the privilege of conducting activities in Florida. *Id*. "While the websites likely are accessible from Florida as they are from any other state or anywhere in the world where Internet access is available, such accessibility does not amount to "purposeful availment" of conducting activities with Florida." *Id.* citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005).

      Hence, overall, even if minimum contacts were present, fair play and substantial justice would require dismissal of the claims against Ranieri. Accordingly, I find that even if Plaintiff had made a *prima facie* showing that personal jurisdiction was appropriate under Florida's long-arm statute, exercise of jurisdiction over Ranieri in Florida would not comport with due process as Ranieri lacks sufficient minimum contacts with Florida and exercising personal jurisdiction over him would offend traditional notions of fair play and substantial justice.

      Alternatively, intentional torts are such acts that may support the exercise of personal jurisdiction over a non-resident defendant where the only contact with the forum is an intentional

and allegedly tortious act expressly aimed at the plaintiff in the forum state. Courts employ the *Calder* effects test when the plaintiff's claim involves an intentional tort. The test requires a showing that the defendant committed an intentional tort, that was directly aimed at the forum, causing an injury within the forum that the defendant should have reasonably anticipated.[5] *Licciardello, supra,* at 1288 citing *Calder v. Jones,* 465 U.S. 783, 789-90 (1984). As set forth above, Plaintiff's allegations in the Complaint fall short of establishing that Ranieri committed an intentional tort, and certainly does not allege that Ranieri committed an intentional tort directly aimed at Florida or that caused an injury in Florida that Ranieri should have reasonably anticipated.

*Conclusion*

For the foregoing reasons, I recommend that

1. Defendant Stephen Ranieri's motion to dismiss for lack of personal jurisdiction (doc.

---

[5]Plaintiff attempts to analogize this case to *Licciardello*, a case where a foreign defendant allegedly infringed the trademark of a Florida citizen on a website created by the defendant in another state. In *Licciardello,* the Eleventh Circuit held that where the internet is used as a vehicle for the deliberate, intentional misappropriation of a specific individual's trademarked name or likeness and that use is aimed at the victim's state of residence, the victim may hale the infringer into the state to obtain redress for the injury. The victim need not travel to the state where the website was created or the infringer resides to obtain relief. In *Licciardello*, the alleged tortious conduct was expressly aimed at a specific individual in the forum and whose effects were suffered in the forum. The *Licicardello* court limited its holding to the facts before them, cautioning that "we do not, by our decision today, intend to establish any general rule for personal jurisdiction in the internet context." *Licciardello, supra,* 544 F.3d 1280. Unlike Licciardello, however, Ranieri's own contacts with Florida, if there are any, are insufficient to establish personal jurisdiction, and I find that Ranieri did not personally avail himself to the privilege of conducting business in Florida such that he could reasonably anticipate being subject to litigation in Florida courts.

10) be GRANTED.

IT IS SO REPORTED at Tampa, Florida, on October 28, 2010.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).